UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.

DYLLAN M. BARBER,

          Defendant.

_____

      **20-MJ-1187-JJM**

      **NOTICE OF MOTION**

| | |
|---|---|
| **MOTION BY:** | Brian P. Comerford, Assistant Federal Public Defender. |
| **DATE, TIME & PLACE:** | Before the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, **on the papers.** |
| **SUPPORTING PAPERS:** | Affirmation of Assistant Federal Public Defender Brian P. Comerford, dated March 17, 2021. |
| **RELIEF REQUESTED:** | Adjournment of Rule 48(b) dismissal date for sixty (60) days. |
| **DATED:** | Buffalo, New York, March 17, 2021. |

Respectfully submitted,

**/s/ Brian P. Comerford**
Brian P. Comerford
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
brian_comerford@fd.org
*Counsel for Defendant Dyllan M. Barber*

**TO:**   Jeffrey T. Fiut
       Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                                    **20-MJ-1187-JJM**

      v.

                                                          **AFFIRMATION**

DYLLAN M. BARBER,

             Defendant.

_____

        **BRIAN P. COMERFORD,** affirms under penalty of perjury that:


1.      I represent the defendant, Dyllan Barber.

2.      This case is scheduled to be dismissed pursuant to Rule 48(b) on April 23, 2021.

3.      I respectfully request that the Court adjourn this deadline for 60 days.  I recognize that the Court does not extend Rule 48(b) deadlines for plea negotiations, and I am not requesting an extension on that basis.  I also recognize that the Court previously granted an adjournment of the Rule 48(b) date on February 1, 2021.  For the following reasons, this additional time is necessary.

4.      As discussed in the last adjournment request, the Government has extended a plea offer to Mr. Barber.  This plea has an advisory range under the sentencing guidelines of 18-24 months.  If the case is indicted, this plea will not be available and he will be facing a 15-year mandatory minimum.  While Mr. Barber and I have discussed this plea over the phone, and by zoom videoconference, we have not been able to sit in the same room for these meetings because of the ongoing pandemic.  My office has now lifted the restrictions on in-person meetings, and I can meet with Mr. Barber and his family to discuss the case, the plea agreement, and his options.

Mr. Barber is young (age 20) and has never been in trouble with the legal system before.  I expect multiple meetings will be necessary in the coming weeks so that I can advise Mr. Barber and he can make an informed decision on how to proceed with his case.

5.       In the last adjournment request, I indicated that the Government had provided electronic discovery and that I had reviewed it with the aid of a computer forensics expert.  Since then the expert and I have met multiple times to review this discovery.  We plan to meet next week with the Government to review the discovery at office with the agent.

6.       Due to the ongoing pandemic we have had a limited ability to investigate Mr. Barber's case by interviewing witnesses.  While we have spoken to some witnesses over the phone, my office only recently began permitting in-person meetings.  We intend on investigating Mr. Barber's case going forward and will meet with witnesses in person when appropriate.

7.       I am requesting this adjournment now, well-before the coming 48b date, so that we know the Court's decision well in advance of a potential indictment.  The Government has indicated that they have limited Grand Jury availability, but will indict this case if necessary.

8.       I appreciate the Court's policy of generally not extending 48b dates.  However, here I believe it is necessary to ensure that I am effectively representing and advising Mr. Barber prior to his case being indicted.  Barring any unfortunate developments with the pandemic, I do not anticipate any future adjournment requests, other than possibly to schedule a plea agreement.

9.       I have discussed this request with Assistant United States Attorney Jeffrey Fiut and he has indicated that the Government has no objection to an adjournment.

10.      I agree that the intervening time should be excluded under the Speedy Trial Act.

2

**DATED**:  Buffalo, New York, March 17, 2021.

Respectfully submitted,

**/s/Brian P. Comerford**
Brian P. Comerford
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
brian_comerford@fd.org
*Counsel for Defendant Dyllan M. Barber*

**TO:**   Jeffrey T. Fiut
Assistant United States Attorney

3