UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.

DYLLAN M. BARBER,

        Defendant.

_____

20-MJ-1187-JJM

NOTICE OF MOTION

| | |
|---|---|
| **MOTION BY:** | Brian P. Comerford, Assistant Federal Public Defender. |
| **DATE, TIME & PLACE:** | Before the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, **on the papers.** |
| **SUPPORTING PAPERS:** | Affirmation of Assistant Federal Public Defender Brian P. Comerford, dated May 14, 2021. |
| **RELIEF REQUESTED:** | Adjournment of Rule 48(b) dismissal date for sixty (60) days. |
| **DATED:** | Buffalo, New York, May 14, 2021. |

Respectfully submitted,

**/s/ Brian P. Comerford**
Brian P. Comerford
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
brian_comerford@fd.org
*Counsel for Defendant Dyllan M. Barber*

**TO:**    Russell Ippolito
           Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | 20-MJ-1187-JJM |
| v. | **AFFIRMATION** |
| DYLLAN M. BARBER, | |
| Defendant. | |

_____

      **BRIAN P. COMERFORD,** affirms under penalty of perjury that:

    1.    I represent the defendant, Dylann Barber.

    2.    This case is scheduled to be dismissed pursuant to Rule 48(b) on June 23, 2021.

    3.    I respectfully request that the Court adjourn this deadline for 60 days. I recognize that the Court does not extend Rule 48(b) deadlines for plea negotiations, and I am not requesting an extension on that basis. I also recognize that the Court has previously extended the Rule 48(b) date in this case. For the following reasons, this additional time is necessary.

    4.    The Government has extended a favorable plea offer with an advisory guideline range of 18-24 months. If this case is indicted, Mr. Barber will likely be exposed to a 15-year mandatory minimum sentence and may not be able to plead around that. It is in Mr. Barber's interest to try and resolve this case pre-indictment.

    5.    Since the last adjournment, Counsel has been able to meet in-person with Mr. Barber and his family. While this meeting was productive, additional meetings will be necessary. The defense is currently trying to resolve whether Mr. Barber will be required to

register as a sex offender in New York State, and if so, for how long.  I have consulted with several attorneys who regularly work on these types of cases in State court, and have requested input from the State Board of Sex Offender Examiners.  Prior to Mr. Barber entering a plea, I need to be able to advise him as to what New York State will do.  This will take additional time.

6. Additionally, I am in the process of having Mr. Barber evaluated by a psychologist to get more information on any possible diagnoses.  I have spoken with our expert, and I expect Mr. Barber will be evaluated in the next 2 weeks, and we will have a report within 60 days.

7. I respect the Court's policy of generally not extending 48(b) dates.  However, here I believe there are important matters to resolve prior to Mr. Barber taking a plea or being indicted – specifically whether he will be required to register as a sex offender, and whether there are any psychological issues that should be looked into.  In many cases, an indictment would make no real difference in terms of a resolution, here however, because of the mandatory minimum, it is very important to try and resolve this case pre-indictment.  For these reasons, I am respectfully asking that the Court adjourn the 48(b) date for 60 days.

8. I am requesting this adjournment now, well-before the coming 48(b) date, so that we know the Court's decision well in advance of a potential indictment. The Government has indicated that they have limited Grand Jury availability, but will indict this case if necessary.

9. I have discussed this request with Assistant United States Attorney Russell Ippolito and he has indicated that the Government has no objection to an adjournment.

10. I agree that the intervening time should be excluded under the Speedy Trial Act.

**DATED**:  Buffalo, New York, May 14, 2021

          Respectfully submitted,

          **/s/Brian P. Comerford**
          Brian P. Comerford
          Assistant Federal Public Defender
          Federal Public Defender's Office
          300 Pearl Street, Suite 200
          Buffalo, New York 14202
          (716) 551-3341, (716) 551-3346 (Fax)
          brian_comerford@fd.org
          *Counsel for Defendant Dyllan M. Barber*

**TO:**    Russell Ippolito
         Assistant United States Attorney