UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

           v.

DYLLAN M. BARBER,

           Defendant.
_____

                          20-MJ-1187-JJM

                          NOTICE OF MOTION

| | |
|---|---|
| **MOTION BY:** | Brian P. Comerford, Assistant Federal Public Defender. |
| **DATE, TIME & PLACE:** | Before the Honorable John L. Sinatra, Jr., United States District Judge, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, **on the papers.** |
| **SUPPORTING PAPERS:** | Affirmation of Assistant Federal Public Defender Brian P. Comerford, dated October 14, 2021. |
| **RELIEF REQUESTED:** | Release on conditions pending sentence. |
| **DATED:** | Buffalo, New York, October 14, 2021. |

                          Respectfully submitted,

                          **/s/ Brian P. Comerford**
                          Brian P. Comerford
                          Assistant Federal Public Defender
                          Federal Public Defender's Office
                          300 Pearl Street, Suite 200
                          Buffalo, New York 14202
                          (716) 551-3341, (716) 551-3346 (Fax)
                          brian_comerford@fd.org
                          *Counsel for Defendant Dyllan M. Barber*

**TO:**    Jeffrey T. Fiut
           Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                           20-MJ-1187-JJM

      v.

                                                 **AFFIRMATION**

DYLLAN M. BARBER,

          Defendant.
_____


      **BRIAN P. COMERFORD**, affirms under penalty of perjury that:

      Dyllan Barber is scheduled to take a plea before Your Honor on Monday, October 18, 2021, to a one-count information charging a violation of 18 U.S.C. §2261A(2)(B) and §2261(b)(5) (cyberstalking). Mr. Barber has been on pretrial release since November 23, 2020. The defense respectfully requests that the Court continue Mr. Barber on release pending his sentence. The defense contends that §2261A(2)(B) is not a statute that requires mandatory detention, and in any event, there are extraordinary reasons to continue Mr. Barber on release pending sentencing in this case.


      **1. Mr. Barber has fully complied with all conditions of pretrial release.**

      The Release Status Report prepared by United States Probation Officer Michael Macaluso indicates that Mr. Barber has been on release since November 23, 2020. During this time period, he has been subject to electronic monitoring with a curfew, and has fully complied with that condition. Additionally, he is subject to computer monitoring and random inspections of his cell phone and residence. The report indicates the Officer has found no evidence of suspicious activity or violations. Mr. Barber has complied with strict conditions including electronic monitoring for a lengthy period of pretrial supervision, and to his credit, has had no issues.

**2. The Offense to which Mr. Barber is pleading does not require mandatory detention.**

Mr. Barber is pleading guilty to a violation of cyberstalking in violation of 18 U.S.C. 2261A(2)(B) and §2261(b)(5).  This offense occurred while Mr. Barber was a high school student, and sent threatening text messages to another student, causing her to send him sexually explicit images.  The Government indicated earlier this week that it would ask for Mr. Barber to be remanded following the plea proceeding because this was a crime of violence and detention was mandatory.  For the following reasons, we disagree, and respectfully request that the Court permit Mr. Barber to remain on release subject to electronic monitoring pending his sentencing date.

Release or detention pending sentence is governed by 18 U.S.C. § 3143, which provides in part:

> "(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained . . ."

Section 3142(f)(1)(A) lists offenses which trigger mandatory detention, specifically:

> "(A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;"

For the following reasons, we contend that Cyberstalking under §2261A(2)(B) is not a crime of violence, and that even if it were, the mandatory detention statute does not apply to crimes of violence with a statutory maximum of less than 10 years.

**A. Cyberstalking is not a "crime of violence" under §3142(f)(1)(A).**

Under 18 U.S.C. § 3156, the term "crime of violence" includes:

> "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The elements of Cyberstalking under §2261A(2)(B) are:

> a. The defendant acted with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person;

2

> b. The defendant used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct; and
>
> c. The course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person.
>
> (Barber Plea Agreement, ¶ 5).

The defense contends that because cyberstalking contains no element of the threat of violence or even contact with an individual, and is limited to communications that would cause "substantial emotional distress," this is not an offense that "by its nature, involves a substantial risk that physical force against the person or property of another."

The Government has directed defense counsel to two recent local cases have concluded that Cyberstalking *is* a crime of violence.  Specifically, *United States v. Harrison*, 354 F. Supp. 3d 270 (W.D.N.Y. 2018, Arcara, J.) and *United States v. Cotler*, 21-MJ-1135-JJM (Text Entry at Docket No. 19).

Notably, *Harrison* adopts the reasoning in *United States v. Grooms*, which deals with a different subsection of the cyberstalking statute.  *United States v. Grooms*, No. 3:15-MJ-00025, 2015 WL 1982097, at *1 (S.D.W. Va. Apr. 29, 2015).  Mr. Barber is pleading to §2261A(2)**(B)**, whereas *Grooms* involved §2261A(2)**(A)**.  Unlike the offense at issue in Mr. Barber's case, § 2261A(2)**(A)** as charged in the *Grooms case* has an element that the defendant:

> "engage in a course of conduct that— (A) ***places that person in reasonable fear of the death of or serious bodily injury to a person***"

*Grooms*, and by connection, *Harrison,* are not applicable here.  The *Harrison* decision does not specify which subsection of §2261A(2) it is interpreting—however it relies on *Grooms* which considers the elements of §2261A(2)**(A)**.  Subsection **(A)** has the element of conduct that causes a reasonable fear of death or injury to a person.  This is notably different than the offense in Mr. Barber's case, under subsection **(B),** which involves conduct "reasonably expected to cause substantial emotional distress to

3

that person." *Grooms* and *Harrison* analyze a subsection of the statute with different elements and are not applicable to Mr. Barber's case.

The second case asserted by the Government is *United States v. Cotler*, (21-MJ-1135-JJM). This case involves the same statute and same subsection as Mr. Barber's case. §2261A(2)(B). The defense respectfully disagrees with Judge McCarthy's determination that Cyberstalking as charged in §2261A(2)(B) is a crime of violence. While there may be examples where a §2261A(2)(B) case could involve a substantial risk that physical force may be used, Cyberstalking under §2261A(2)**(B)** does not "by its nature" involve a risk of physical force. "By its nature" §2261A(2)**(B)** involves communications online or through the mail that "cause substantial emotional distress"—not physical harm. Conduct that places a person in fear of violence or physical harm could arguably be charged under §2261A(2)**(B),** but would fall more appropriately under §2261A(2)**(A).**

Because an offense under §2261A(2)**(B)** does not by its nature involve a substantial risk of physical harm, it is not a crime of violence under 18 U.S.C. § 3156 or §3142(f)(1)(A), and detention is not mandatory.

> **B. Mandatory detention applies only to crimes of violence with a maximum sentence of 10 years or more, and because Cyberstalking has a 5-year maximum, §3142(f)(1)(A) does not apply.**

If this Court finds that §2261A(2)(B) is a crime of violence, the defense further contends that because Cyberstalking has a 5-year maximum sentence under 18 U.S.C. § 2261(b)(5), it does not fall under 3142(f)(1)(A). The issue is whether the "10 years or more" limitation applies to "crime of violence."

Other courts have found that the "10 years or more" limitation does apply to "crime of violence."[1] *See United States v. Persico*, No. 10-CR-147 (DLI), 2017 WL 3669554, at *3 (E.D.N.Y. Aug. 23, 2017)

---

[1] Several courts—admittedly in dicta—read the "10 years or more" limitation to apply to "crime of violence." *See e.g. United States v. Schlesinger*, No. CR. 02-485ADSARL, 2005 WL 1657043, at *2 (E.D.N.Y. June 8, 2005) ("Arson, one of the crimes that the Defendant has been convicted of in this case, 'is a crime of violence ... for which a maximum term of imprisonment of 10 years or more is prescribed.'" (ellipses in original — linking the "10 years or more" language to "crime of violence")); *United States v. Wade*, No. 07-CR-61, 2007 WL

4

("the Court agrees with Defendant that **this subsection of the statute [3142(f)(1)(A)] is inapplicable because the crime's maximum term of imprisonment is less than ten years**"), *citing United States v. Madoff*, 586 F. Supp.2d 240, 247 (S.D.N.Y. 2009). *See also United States v. Feliciano*, No. 06-20149-CR, 2007 WL 9735342, at *1 (S.D. Fla. June 13, 2007) ("the cases described in subparagraphs (A), (B), and (C) of Section 3142(f)(1) are those involving, respectively, a crime of violence for which a maximum term of imprisonment of 10 years or more is prescribed…"); **but see** *United States v. Santoro*, 359 F. Supp. 3d 122, 124 (D. Me. 2019) (reviewing the legislative history and concluding that the "10 years or more" language applies only to "an offense listed in section 2332b(g)(5)(B)").

Under the plain reading of the statute, because Mr. Barber is pleading to an offense with a 5-year maximum, detention is not mandatory under §3142(f)(1)(A).

3. **Even if the Court finds that detention is mandatory, there are extraordinary reasons to continue Mr. Barber on release with electronic monitoring.**

Mr. Barber is presently 20-years-old. This offense occurred when he was a high school student in Little Valley, NY. He has had no prior involvement with the criminal justice system and is a criminal history I. The guidelines sentencing range contemplated under the plea is 18-24 months.

---

2005556, at *1 (E.D. Wis. July 10, 2007) ("cases involving crimes of violence with a statutory maximum of ten years or more, § 3142(f)(1)(A)"); *United States v. Gan*, No. 13-CR-00159-LHK PSG, 2013 WL 1345733, at *3 (N.D. Cal. Apr. 2, 2013) ("Under 18 U.S.C. § 3142(f)(1), the government may seek a hearing where the defendant has been charged in a case involving: (1) a crime of violence, which carries a maximum of ten years or more"); *United States v. Henderson*, No. CR 115-072, 2016 WL 7383316, at *2 (S.D. Ga. Dec. 20, 2016) ("The crimes which trigger the restrictions of § 3143(a)(2) and (b)(2) are (A) 'crimes of violence ... for which a maximum term of imprisonment of ten years or more is prescribed'" (ellipses in original)).

Mr. Barber is in poor physical health. He has been diagnosed with gastroesophageal reflux disease ("GERD") with esophagitis and hemorrhage. While GERD is a common physical ailment, Mr. Barber's condition causes him to have fits where he experiences sharp pain and vomits blood.[2] He was recently hospitalized and diagnosed with a bleeding ulcer which his physician attributed to stress in his life.[3] Adding to his poor health, Mr. Barber is morbidly obese, weighing 419 lbs at his last doctor's visit. Lastly, Mr. Barber suffers from anxiety, and is undergoing treatment.

While none of these factors alone would constitute extraordinary reasons to continue Mr. Barber on release, the defense contends that his age, lack of any criminal history, poor physical health, anxiety, and GERD with severe symptoms including hemorrhage, are extraordinary reasons not present in the typical case. We respectfully request that the Court continue Mr. Barber on pretrial release, with the same conditions he has faithfully complied with for the past 11 months.

    DATED: Buffalo, New York, October 14, 2021.

                                    Respectfully submitted,

                                    **/s/Brian P. Comerford**
                                    Brian P. Comerford
                                    Assistant Federal Public Defender
                                    Federal Public Defender's Office
                                    300 Pearl Street, Suite 200
                                    Buffalo, New York 14202
                                    (716) 551-3341, (716) 551-3346 (Fax)
                                    brian_comerford@fd.org
                                    *Counsel for Defendant Dyllan M. Barber*

**TO:**   Jeffrey T. Fiut
          Assistant United States Attorney

---

[2] I have provided records of this to the Government and will file a copy under seal if requested.
[3] I have requested records of this hospital visit and will provide them as soon as they are received.