IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DYLLAN BARBER,

Defendant.

20-MJ-1187-JJM
21-CR-145-JLS

---

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

THE UNITED STATES OF AMERICA, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and the undersigned Special Assistant United States Attorney, respectfully files this memorandum of law in opposition to the defendant's motion for release pending sentencing.

## DISCUSSION

A defendant who has been found guilty of certain crimes is subject to detention pending sentencing, 18 U.S.C. § 3143(a)(2), unless "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate," 18 U.S.C. § 3145(c). The list of crimes for which detention is required under § 3143(a)(2) include "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed[.]" 18 U.S.C. § 3142(f)(1)(A).

The defendant is scheduled to plead guilty to an information charging one count of cyberstalking in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) for which the maximum term of imprisonment is five years. As set forth below, (1) the defendant is subject to detention pending sentencing because cyberstalking is "a crime of violence" under 18 U.S.C. § 3142(f)(1)(A); (2) the "10 years or more" limitation at the end of § 3142(f)(1)(A) does not apply to "crimes of violence;" and (3) the defendant has not shown "exceptional reasons" in support of his release.

### I. Cyberstalking Is A Crime of Violence

Two cases from this District have found cyberstalking to be a crime of violence under 18 U.S.C. § 3142(f)(1)(A). *See United States v. Harrison*, 354 F. Supp. 3d 270, 277-78 (W.D.N.Y. 2018) (Arcara, D.J.); *United States v. Cotler*, 21-MJ-1135-JJM (McCarthy, M.J.) (Aug. 31, 2021 Minute Entry at Dkt. No. 19); *see also* 18 U.S.C. § 3156(a)(4) (defining "crime of violence" for purposes of the Bail Reform Act). The defendant objects to the reasoning of *Harrison* and *Cotler*, but he has not cited any authority from this District, or any other court, finding that cyberstalking is not a crime of violence. The defendant also suggests that cyberstalking is not a crime of violence because he is charged with engaging in cyberstalking that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to the victim. But as explained in *Harrison*, cyberstalking is *categorically* a crime of violence. *Harrison*, 354 F. Supp. 3d at 278 ("[C]yberstalking in violation of 18 U.S.C. § 2261A(2) categorically involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense . . . .").

Such a finding makes sense given that stalking is often accompanied by the risk of physical harm. This Court should thus follow *Harrison* and *Cotler* to conclude that cyberstalking under § 2261A(2)(B) is a crime of violence under § 3142(f)(1)(A).

## II.   The "10 years or more" Limitation Does Not Apply To Crimes Of Violence

Relying on the "10 years or more" limitation at the end of 18 U.S.C. § 3142(f)(1)(A), the defendant argues that cyberstalking is not a crime for which detention is required because the statutory maximum for cyberstalking in this case is five years.

Contrary to the defendant's argument, the "10 years or more" limitation at the end of 18 U.S.C. § 3142(f)(1)(A) does not apply to "crimes of violence" due to the "rule of the last antecedent." Under that rule, the limiting phrase at the end of a statute ordinarily modifies only the phrase immediately preceding it. *See Lockhart v. United States*, 577 U.S. 347, 351-52 (2016). Thus, here, the "10 years or more" limitation applies only to the third category of offenses listed in § 3142(f)(1)(A), that is, an "offense listed in section 2332b(g)(5)(B)." It does not apply to the other two categories of crimes in § 3142(f)(1)(A), including crimes of violence.

Applying the "rule of the last antecedent" to § 3142(f)(1)(A) makes sense because the "10 years or more" language has no applicability to all three categories of crimes listed in § 3142(f)(1)(A). Specifically, "the limitation phrase cannot be applicable to the second category in the list, section 1591 violations, because all the offenses in that category have penalties of over 10 years (unlike the other two categories)." *United States v. Santoro*, 359 F.

Supp. 3d 122, 125 (D. Me. 2019).  As a result, the "10 years or more" language necessarily applies only to the last category of crimes in § 3142(f)(1)(A) — that is, an "offense listed in section 2332b(g)(5)(B)."

The enactment history of 18 U.S.C. § 3142(f)(1)(A) likewise "show[s] that the '10 years or more' limitation does not apply to crimes of violence."  *Santoro*, 359 F. Supp. 3d at 125. As explained in *Santoro*, [u]ntil December 2004, only crimes of violence were referred to in this subsection, and there was no prison time limitation."  *Id.*  In 2004, Congress added to the subsection "an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed."  *Id.*  "Th[is] insertion suggest that Congress was adding a self-contained new category, not changing the scope of the existing category, crimes of violence."  *Id.*  In 2008, Congress added "a violation of section 1591" to the subsection, but rather than add it to the end of the subsection, it opted to insert this category between the "crime of violence" category and the "offense listed in section 2332b(g)(5)(B)" category.  "If the existing two categories [i.e., "crime of violence" and "offense listed in section 2332b(g)(5)(B)"] were limited as a list by the 10-year prison requirement following 2332b(g)(5)(B), the logical place to add the new category [i.e., "a violation of section 1591"] would have been at the end, *outside* the limitation clause.  But instead, . . . Congress inserted it between the two existing categories . . ., further evidence that the entire list was not limited."  *Id.*

The government acknowledges two district court cases from within the Second Circuit cited by the defense (*Madoff* and *Persico*) for the proposition that the 10-year limitation

4

modifies all three categories of crimes listed in § 3142(f)(1)(A).  Neither case is persuasive authority because both cases lack any analysis of *why* the 10-year language modifies the "crime of violence" category.   This Court should decline to follow *Madoff* and *Persico* because they "simply announce[ ] their assertion that the limitation applies to crimes of violence and did not explain how they reached that conclusion."  *Santoro*, 359 F. Supp. 3d at 126.  As explained above, a closer inspection of the language, context, and history of § 3142(f)(1)(A) shows that the 10-year limitation does not apply to the "crime of violence" category.

Thus, for these reasons, cyberstalking is a crime of violence for which the defendant is subject to detention under 18 U.S.C. § 3143(a)(2).

### III.   The Defendant Has Not Shown Exceptional Reasons For His Release

The defendant can avoid detention pending sentencing if he "clearly show[s] that there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C. § 3145(c). The defendant argues that "exceptional reasons" exist in this case because he is in poor physical health and has been diagnosed with gastroesophageal reflux disease ("GERD") with esophagitis and hemorrhage.  The government acknowledges the defendant's illness and symptoms.  But "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional' warranting release pending sentencing."  *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) (quoted in *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004)). The defendant's illness, which is "purely personal" to him, is not exceptional in this particular

case. The defendant's illness can presumably be treated while he is in custody, and the defendant does not argue that being in custody will exacerbate his illness.

The government also acknowledges the Probation Office's report indicating that the defendant has complied with his pre-trial conditions of release. But compliance with conditions of supervision, without more, "plainly [is] not adequate" to support release pending sentencing. *United States v. Colon*, 821 F. App'x 39, 42 (2d Cir. 2020) (summary order). Consequently, for these reasons, the defendant has not shown "exceptional reasons" in support of his release pending sentencing.

## CONCLUSION

For the foregoing reasons, the defendant's motion for release pending sentencing should be denied and the defendant should be detained pending sentencing.

DATED: Buffalo, New York, October 15, 2021.

TRINI E. ROSS
United States Attorney

BY:   s/ *JEFFREY T. FIUT*
Special Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5796
Jeffrey.Fiut@usdoj.gov
