IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.   21-CR-145-JLS

DYLLAN BARBER,

Defendant.



## PLEA AGREEMENT

The defendant, DYLLAN BARBER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5) (cyberstalking), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2264, the Court must order restitution for the full amount of the compensable losses of the victim as determined by the Court. The defendant understands that defendant will not

be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

4.  The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an

employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II. ELEMENTS AND FACTUAL BASIS

5. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant acted with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person;

   b. The defendant used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct; and

   c. The course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person.

## FACTUAL BASIS

6. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On November 30, 2019, in the Western District of New York, the defendant initiated a conversation with Victim 1, a minor female, on the online social media application Snapchat. Posing as a hacker by the name of "Kyle," the defendant threatened Victim 1 to take and send him sexually explicit images of herself or else he would publicly release nude images of Victim 1 that he claimed to have in his possession. At the

       same time he was posing as "Kyle" and communicating with Victim 1 on Snapchat, the defendant was engaged in a telephone conversation with Victim 1 in which he encouraged Victim 1 to take and send sexually explicit images to "Kyle" because the defendant purportedly feared that "Kyle" may also publicly disclose nude images of the defendant.

b.   In response to the defendant's threats, Victim 1 took and sent sexually explicit images of herself to the defendant through the Snapchat application. The threatening conversation between the defendant and Victim 1 occurred over the course of approximately three hours, concluding early in the morning of December 1, 2019.

c.   Later on December 1, 2019, the defendant, no longer posing as "Kyle," communicated with Victim 1 via Snapchat. During this conversation, Victim 1 asked the defendant if he knew anything about "Kyle." The defendant, knowing that he was in fact "Kyle," falsely told Victim 1 that he did not know anything about "Kyle."

d.   The defendant engaged in the conduct described in ¶¶ 6(a)-(c), above, with the intent to injure, harass, and intimidate Victim 1.

e.   The defendant's actions caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 1, in that Victim 1 feared that "Kyle" possessed nude images of her and would publicly disclose those images if she did not comply with his demands to take and send him sexually explicit images of herself.

### III.   SENTENCING GUIDELINES

7.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

8.   The government and the defendant agree that Guidelines § 2A6.2(a) applies to the offense of conviction and provides for a base offense level of 18.

4

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 15.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of 15 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 18 to 24 months, a fine of $7,500 to $75,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the

application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. REMOVAL

15. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if

convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## V.  GOVERNMENT RIGHTS AND OBLIGATIONS

16.  The defendant understands that the government has reserved the right to:

a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.  advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17.  At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 20-MJ-1187.

18.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.   APPEAL RIGHTS

19.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section I, ¶ 2 of this agreement.

20.   The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

22. This plea agreement represents the total agreement between the defendant, DYLLAN BARBER, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
JEFFREY T. FIUT
Special Assistant United States Attorney

Dated: October 18, 2021

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, BRIAN COMERFORD, ESQ. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DYLLAN BARBER
Defendant

Dated: October 18, 2021

_____
BRIAN COMERFORD, ESQ.
Attorney for the Defendant

Dated: October 18, 2021