IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

  -v-                                                                                                      21-CR-145

DYLLAN BARBER,

                        Defendant.

---

## GOVERNMENT'S RESPONSE TO THE
## DEFENDANT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and the undersigned Special Assistant United States Attorney, respectfully files this sentencing memorandum in support of sentence to a term of imprisonment within the advisory guidelines range.

## PRELIMINARY STATEMENT

On October 18, 2021, the defendant, DYLLAN BARBER, appeared before this Court and pled guilty to a one count Information, charging him in Count 1 with a violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5) [cyberstalking]. The Presentence Report ("PSR"), consistent with the plea agreement, determined that the defendant, with a total adjusted offense level of 15 and criminal history category of I, faces a guideline range of 18 to 24 months imprisonment. As part of the plea agreement, the parties agree to the guidelines as stated and agree that no party will seek or recommend any sentence outside of those guidelines.

**Statement of Facts**

The government concurs with and relies on the statement of facts outlined in the PSR at paragraphs 12 through 21.

**DISCUSSION**

I. **In Considering the §3553(a) Factors, this Court Should Conclude That a Guideline Sentence of Imprisonment Provides the Proper Punishment for the Offense of Conviction**

The United States recognizes that since *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory rather than statutorily mandated. However, when imposing a sentence, the Court is required to consider the guidelines, but must fashion a sentence that is consistent with the factors detailed in 18 U.S.C. § 3553(a). The United States contends that a sentence of 18 to 24 months, which is the advisory guideline range, is reasonable and appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *See United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) ("In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress .... It bears noting that the Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider."). The sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been

found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A court that imposes a sentence outside the applicable advisory guidelines range must do so on notice to the parties and must state "with specificity" both at sentencing and in the written judgment and commitment order its reasons for doing so. 18 U.S.C. § 3553(c).

Based on the § 3553(a) factors, as set forth below, the government respectfully submits that a guideline sentence of imprisonment is warranted.

### A. The Nature and Circumstances of the Offense Warrant a Guideline Sentence of Imprisonment

As set forth in the plea agreement and in the Presentence Investigation Report, the defendant used the threat of posting naked and provocative photographs of a minor female victim as a tool to further extract from her sexually explicit images, which has been come to be known as sextortion. Through the issuance of a search warrant, and the cooperation of the victim, several SnapChat messages between the victim and the defendant were recovered. It is these messages that provide a window into the threatening language used by the defendant to sexually coerce this minor victim.

As noted in the Presentence Investigation Report, the defendant engaged a similar a pattern of behavior with others, where the defendant used social media to solicit sexually explicit material by asking to play "Truth or Dare," threatening to save and share sexually explicit photographs, or even threatening self-harm.[1] Although this pattern of behavior began

---

[1] Data and conversations from defendant's SnapChat account were provided to defendant counsel during discovery.

3

prior to defendant reaching 18 years of age, the pattern continued into adulthood as evidenced by his communications with Victim 1.

| that_packersfan | Victim 1 | **No u gotta do something for me or I'll tell everyone** | Nov 30, 2019 at 10:42:43 EST |
|---|---|---|---|
| that_packersfan | Victim 1 | **Ok well I will not only send them to the school I'll send them everywhere.** | Nov 30, 2019 at 11:26:30 EST |
| that_packersfan | Victim 1 | **Yes they are bc it's a screen shot** | Nov 30, 2019 at 11:27:31 EST |
| that_packersfan | Victim 1 | **Why would I send to you when I can send them to other people** | Nov 30, 2019 at 11:29:19 EST |
| that_packersfan | Victim 1 | **And I have Dylan's dick pics so the fate of him rests in your hands 2** | Nov 30, 2019 at 11:31:05 EST |
| that_packersfan | Victim 1 | **It's his snap stupid there all in his my eyes only** | Nov 30, 2019 at 11:34:56 EST |
| that_packersfan | Victim 1 | **U have till midnight to show me your tits pussy and ass or I'm posting on everything about you too** | Nov 30, 2019 at 11:36:54 EST |
| that_packersfan | Victim 1 | **Nah fuck that fat bastard he's a piece of shit i don't give a fuck about him** | Nov 30, 2019 at 11:46:06 EST |
| that_packersfan | Victim 1 | **Running out of time** | Nov 30, 2019 at 11:51:13 EST |
| that_packersfan | Victim 1 | **Make it 2 pics of ur tits one of ur pussy and ur ass and I won't screenshot** | Nov 30, 2019 at 11:55:07 EST |
| that_packersfan | Victim 1 | **They better be good pics too** | Nov 30, 2019 at 11:55:57 EST |
| that_packersfan | Victim 1 | **Times is running** | Nov 30, 2019 at 11:56:35 EST |
| that_packersfan | Victim 1 | **2 mins** | Nov 30, 2019 at 11:59:06 EST |

| that_packersfan | Victim 1 | **1 min** | Nov 30, 2019 at 11:59:10 EST |
| that_packersfan | Victim 1 | **U have till 5 after no later** | Dec 01, 2019 at 00:00:17 EST |

Even more troubling is the fact that the defendant pretended to be a hacker and used a fictitious name to communicate with Victim 1 on this particular occasion.

## CONCLUSION

For the foregoing reasons, the defendant should be sentenced to a term of imprisonment within the advisory guidelines range.

DATED:  Buffalo, New York, March 11, 2022.

                                    TRINI E. ROSS
                                    United States Attorney

BY:    s/DAWN M. CARTER
        Special Assistant U.S. Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202